# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# WACO DIVISION

| | | |
|---|---|---|
| RETROLED COMPONENTS, LLC, <br>    Plaintiff, <br><br> v. <br><br> PRINCIPAL LIGHTING GROUP, LLC <br>    Defendant. | § § § § § § § § § § | Civil Case No.: 6:18-cv-55-RLP-JCM |

**PRINCIPAL LIGHTING GROUP'S REPLY IN SUPPORT OF**
**RENEWED RULE 12(B)(3) MOTION TO DISMISS FOR IMPROPER VENUE**

# TABLE OF CONTENTS

I. RETROLED'S RESPONSE MISAPPLIES THE LAW ....................................................... 1

II. ARGUMENT ........................................................................................................................ 3
    A. Principal's "Activities" Are Insufficient To Confer Venue In This District ........... 3
    B. RetroLED's Specific Personal Jurisdiction Argument Seeks To Rewrite Established Law ....................................................................................................... 7
    C. The "Substantial" Events and Property Exist in the Northern District .................... 9

III. CONCLUSION .................................................................................................................. 10

RetroLED's Response (Dkt. No. 16) ignores precedent from the Supreme Court, Courts of Appeal, and this Court – case law from each of which was set forth in Principal's Renewed Rule 12(b)(3) Motion to Dismiss (Dkt. No. 14). Instead, RetroLED strains to effectively overturn precedent and base venue on three muddled and legally insufficient arguments. In that pursuit, RetroLED neglects the well-recognized distinction between 28 U.S.C. §§ 1391 and 1400[1], points to alleged facts as establishing residence in this District where the law clearly guides otherwise, and discounts the salient fact that Principal resides in the Northern District of Texas. As such, RetroLED's Amended Complaint for Declaratory Judgment (Dkt. No. 11) should be dismissed.

I.  **RETROLED'S RESPONSE MISAPPLIES THE LAW**

As a preliminary matter, in the "Legal Background" section of its Response, RetroLED advances a number of characterizations that are not true to the state of the law. In short, § 1391 alone governs in this case, and once challenged, the burden is on RetroLED to prove venue.

More specifically, RetroLED suggests that Principal – not RetroLED – bears the burden of proof on venue challenges. Response, at 7-8. This is incorrect. *See Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 473 (W.D. Tex. 2016) ("Once challenged, the burden of sustaining venue lies with the plaintiff."); *see also Wilson v. Wilson*, Case No. 5:15-CV-01024-XR, 2016 WL 2889088, at *5 (W.D. Tex. May 17, 2016) (same); *Schuller v. Shah*, Case No. EP-07-CA-335-FM, 2008 WL 11417060, at *3 (W.D. Tex. Feb. 21, 2008) ("When a defendant raises the issue of improper venue, it becomes the plaintiff's burden to show

---

[1] Indeed, RetroLED admits that venue in this declaratory judgment case is governed by § 1391 but then spends a considerable portion of its Response to argue that this Court should upend controlling law, create new law, and rule that § 1400(b) should be the standard used in this case even though the express language of § 1400(b) states that it only applies to "action[s] for patent infringement," which the Amended Complaint is not. *Compare* Response, at 7 n. 3 ("the declaratory judgment action is determined by the general venue statute") *with id.* at 21 n. 12 ("venue for the declaratory judgment action should be the same as the infringement action").

his choice of venue is proper.").

Moreover, it cannot be disputed that Principal does not "reside" in this District for purposes of § 1391(b)(1) – Principal resides in San Angelo, TX in the Northern District of Texas. Therefore, RetroLED's only argument with respect to § 1391(b)(1) is that residence is predicated on personal jurisdiction as set forth in § 1391(d). To that, the law of this Court (and the Fifth Circuit) is unmistakably clear that the plaintiff bears the burden of establishing a *prima facie* case for the court's jurisdiction over a non-resident defendant. *Collins v. Easynews, Inc.*, No. A-06-CA-451 LY, 2007 WL 9701712, at *3 (W.D. Tex. Nov. 5, 2007) (citing *Ham v. La Cienega Music Co.*, 4 F.3d 413, 415 (5th Cir. 1993)); *Int'l Truck and Engine Corp. v. Quintana*, 259 F. Supp. 2d 553, 558 (N.D. Tex. 2003).[2] In these circumstances and under its current venue theories, RetroLED bears the burden of proving that venue lies in this District.

Next, RetroLED concedes that the "general venue statute" of § 1391 controls in this case as opposed to the "patent infringement venue statute" of § 1400(b). Response, at 5-6. Nonetheless, RetroLED repeatedly references and cites case law regarding § 1400 throughout its Response. RetroLED's continued reliance on § 1400, even though it admits § 1391 governs here, serves to confuse by improperly conflating two different statutes. Such argument should be rejected in the instant analysis. Indeed, the Supreme Court has *routinely* recognized that § 1400 "is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . § 1391[.]" *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 137 S. Ct. 1514, 1519, 197 L. Ed. 2d 816 (2017) (citing *Fourco Glass Co. v. Transmirra Prod.*

---

[2] RetroLED suggests that *Int'l Truck* contradicts Principal's position regarding the burden of proof. Response, at 7. But that case demonstrates that under RetroLED's current "personal jurisdiction" venue theory under §§ 1391(b)(1) & (d), it is "plaintiff's burden to establish that *in personam* jurisdiction exists." *Id.* at 556. In any event, there is case law from this Court cited above which clearly resolves any potential dispute.

2

*Corp.*, 353 U.S. 222, 229, 77 S. Ct. 787, 792, 1 L. Ed. 2d 786 (1957)).[3]

If RetroLED believes the law should be changed, it cannot do so by asking this Court to overrule Supreme Court law – RetroLED's recourse for its aspiration would be on appeal.[4]

## II. ARGUMENT

Venue is improper in this District under every provision of § 1391. As RetroLED itself acknowledges, Principal's "headquarters [are located] at 3490 Venture Drive, San Angelo, Texas 76905." Amended Complaint, ¶ 14. ***San Angelo, TX is in the Northern District of Texas***. Thus, RetroLED cannot rely on the "judicial district in which [the] defendant resides" provision of § 1391(b)(1) to support venue in this District because Principal "resides" in a different judicial district in Texas. In apparent concession of this, RetroLED now relies on the "personal jurisdiction" basis in § 1391(d) and sets forth a series of alleged facts which individually and collectively are insufficient to establish venue in this jurisdiction.

Further, under § 1391(b)(2), the "substantial" events and property underlying this action occurred and exist in the Northern District of Texas as opposed to this District. Rather than addressing this Court's application of § 1391 as cited in Principal's Motion, RetroLED instead cites to cases from other jurisdictions which are unpersuasive for a number of reasons discussed below.

### A. Principal's "Activities" Are Insufficient To Confer Venue In This District

RetroLED fails to apply the proper analytical framework for § 1391 venue challenges in

---

[3] Even to the extent the Court considers § 1400(b) in its venue analysis here, the Federal Circuit recently ruled that that plaintiffs bear the burden of proving venue under § 1400(b). *In re ZTE (USA) Inc.*, ___ F.3d ___, No. 2018-113, 2018 WL 2187782, at *6 (Fed. Cir. May 14, 2018) (vacating the order denying the motion to dismiss for improper venue and remanding for consideration placing the burden on the plaintiff).

3

this District. Indeed, each of the "activities" identified in RetroLED's Response are singly and together insufficient to confer venue under this Court's precedent.[5] For purposes of this analysis, the "activities" can be categorized as follows: (i) Principal's appointment of legal and representative agents in this District; and (ii) Principal's commercial activities in this District including third-party product distribution and associated distributor and customer correspondence. Response, at 11.[6] There is ample case law – cited in Principal's Motion – that demonstrates that neither category is sufficient to confer venue. Rather than addressing the prevailing authority from this Court, RetroLED instead suggests that this Court should disregard its own precedent (and appellate authority) in favor of inapposite cases from other jurisdictions.[7]

First, despite admitting that it misrepresented Fifth Circuit law,[8] RetroLED continues to

---

[5] RetroLED takes issue with the substance of the Owen Declaration attached to Principal's Motion. However, the Owen Declaration was prepared before RetroLED abandoned its "residence" theory of venue under § 1391(b)(1). In light of RetroLED's apparent concession that venue does not lie in § 1391(b)(1) alone, the Owen Declaration is not needed to disprove allegations of corporate residence in this District. Nonetheless, the declaration clearly shows that RetroLED cannot possibly meet the "difficult" burden of showing "continuous and systematic contacts" in this District in order for § 1391(d) to rescue RetroLED. *See Johnston v. Multidata Systems Intern. Corp.*, 523 F.3d 602, 608 (5th Cir. 2008). In any event, RetroLED's suggestion that the Owen Declaration "fails to address any of the following factual assertions laid out in the First Amended Complaint" is a red herring. Response, at 10. Mr. Owen is not an attorney and was not asked to rebut or address the legal sufficiency of factual allegations which should be taken as true at the pleading stage. *See Intellectual Ventures II LLC v. FedEx Corp.*, No. 2:16-CV-00980, 2017 WL 5630023, at *5 (E.D. Tex. Nov. 22, 2017). RetroLED's legally deficient arguments were addressed in Principal's Motion. *See* Motion, at 7-10, 12-13.

[6] RetroLED again mentions the "demand letter sent by Principal Lighting to RetroLED," but in light of the case law cited in Principal's Motion (at 7-8), RetroLED appears to have abandoned its theory that transmittal of the notice letter conferred venue in this District.

[7] Based on the arguments in RetroLED's Response, it appears that RetroLED is abandoning argument that venue is proper based on RetroLED's own commercial activities. However, to the extent RetroLED later attempts to revive such arguments, Principal has already addressed them. Motion, at 10-11.

[8] While it is notable that RetroLED provided an incomplete quote and cited the *Wenche Siemer* case as standing for the opposite of what it clearly stands for (Motion, at 12-13), Principal does not seek a "sanction of dismissal" as otherwise suggested by RetroLED (Response, at 13 fn. 6).

reiterate its position that appointment of legal representatives alone is sufficient to justify venue in the District. *See* Response, at 11-14. Indeed, RetroLED begins its analysis with the caveat that such analysis is only necessary "[t]o the extent ***more*** [than presence of a registered agent] is necessary to provide for venue in this case." *Id*. at 10 (emphasis in original). Once again, this is misleading as there is no question that more ***is needed*** under prevailing law. *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992) ("***Plaintiffs' cite no case and this Court has found none*** that supports the proposition that the appointment of an agent for process and the registration to do business within the state, ***without more***, suffices to satisfy the criteria for the exercise of general jurisdiction.") (emphasis added); *see also Griffin v. Ford Motor Co.*, Case No. A-17-CA-00442-SS, 2017 WL 3841890, at *2 (W.D. Tex. Sept. 1, 2017) ("the existence of a registered agent, standing alone, ***is not sufficient to establish jurisdiction***") (emphasis added). The only case cited in RetroLED's Response (at 13) does not involve venue challenges or § 1391(d) at all because Delaware is not a "State which has more than one judicial district."

Next, RetroLED suggests that Principal's "other activities" – *i.e.*, distribution and marketing of products and winning awards in this District – justify its venue allegations. Response, at 12-18. This is again incorrect. *See, e.g.*, *Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 476 (W.D. Tex. 2016) ("[D]efendant patentee's own commercialization activity does not reflect 'other activities' supporting specific jurisdiction in a declaratory judgment action.") (citing *Avocent Huntsville Corp. v. Aten Intern. Co.*, 552 F.3d 1324, 1335 (Fed. Cir. 2008)); *Catalyst Medium Four, Inc. v. CardShark, LLC*, Case No. A-14-CA-1007-SS, 2015 WL 1412591, at *6 (W.D. Tex. Mar. 26, 2015) (same). Instead, these "other

---

Dismissal is sufficiently warranted based on a proper consideration of the applicable cases.

activities" must necessarily be directed to "***enforcement or the defense of the validity*** of the relevant patents." *Avocent*, 552 F.3d at 1334-35 (emphasis in original).

RetroLED provides no explanation as to why the "new" allegations in its Amended Complaint – including visits to distributors, receiving awards, and sending emails to customers – alter the analysis under the prevailing law as they are completely unrelated to "patent enforcement or defense efforts." *Id.* RetroLED fails to substantively address any of these relevant cases in its analysis and instead requests – again – that that Court disregard its own precedent and apply select cases from the Northern District of California. That is not proper in that there exists applicable binding precedent in the Fifth Circuit. *See Johnston v. Multidata Sys. Int'l Corp.*, 523 F.3d 602, 612 (5th Cir. 2008) (companies which sold "approximately $140,000 of goods in a five-year time period to Texas customers," sent employees to conventions in Texas, purchased millions of dollars of goods from Texas vendors, and employed two Texas residents who worked in Texas did not have continuous and systematic contacts with Texas); *see also Moncrief Oil Int'l Inc. v. OAO Gazprom*, 481 F.3d 309, 311-12 (5th Cir. 2007) ("[M]erely contracting with a resident of the forum state does not establish minimum contacts," nor does the "exchange of communications in the course of developing and carrying out a contract[.]"); *Cent. Freight Lines Inc. v. APA Transport Corp.*, 322 F.3d 376, 381 (5th Cir. 2003) (company whose shipments with Texas and sales staff in the state made its contacts "in some sense, 'continuous and systematic,'" was still not subject to Texas general personal jurisdiction). *See also Brother of the Leaf, LLC v. Plastic Prod. Co.*, Case No. SA-14-CV-479-XR, 2014 WL 3824209, at *4 (W.D. Tex. Aug. 1, 2014) ("[T]he fact that Plastic sells its products in Texas is insufficient to confer general jurisdiction," and "Fifth Circuit law is clear that Plastic's presence in Texas is not 'continuous and systemic' simply because it advertises here," and "the fact that Plastic's representatives

traveled to Texas to attend trade shows does not mean that Plastic has a 'continuous and systemic' presence in the State."); *360 Mortg. Grp., LLC v. Stonegate Mortg. Corp.*, Case No. A-13-CA-942-SS, 2014 WL 2092496, at *4 (W.D. Tex. May 19, 2014) ("[Defendant], who worked exclusively in North Carolina, cannot be said to have purposefully availed herself of the benefits and protections of Texas law simply by virtue of her emails and phone calls to Texas [residents].").

Accordingly, RetroLED's "general personal jurisdiction" theory under §§ 1391(b) and (d) fails and should be rejected.

### B. RetroLED's Specific Personal Jurisdiction Argument Seeks To Rewrite Established Law

RetroLED's analysis of "specific personal jurisdiction" is a muddled and problematic request for a "revisit" of decades of statutory interpretation. In short, RetroLED continues to suggest that "the Federal Circuit should revisit its . . . precedent related to the venue of declaratory judgment actions in patent infringement actions in light of the Supreme Court's holding relating to venue of patent infringement claims under 28 U.S.C. § 1400(b)." Response, at 20. RetroLED's argument is predicated on "standards of fairness" which, according to RetroLED, would enable plaintiffs to preemptively file declaratory judgment suits in their home jurisdiction whenever litigation is anticipated. There are errors at every step of this analysis.

Most notably, RetroLED fails to recognize that the Supreme Court has explicitly recognized that § 1400(b) "is the sole and exclusive provision controlling venue in patent infringement actions, and . . . is not to be supplemented by . . . § 1391[.]" *TC Heartland LLC*, 137 S. Ct. at 1519 (citation omitted). In its quest to keep this case in this District, RetroLED asks the Court to ignore this clear – and recent – guidance from the Supreme Court. The Supreme Court in *TC Heartland* clarified that to the extent "Congress intends to effect a change [to the

7

meaning of § 1400(b) when it amended § 1391], it ordinarily provides a relatively clear indication of its intent in the amended provision's text. No such indication appears in the current version of § 1391." *Id.* at 1516. As such, there is no congressional or case law authority to interpret and apply § 1391 in the same way as § 1400(b), or to effectively apply § 1400(b) in a case clearly not governed by it.

Next, RetroLED fails to appreciate that the "standards of fairness" considered in venue determinations are generally designed ***to protect defendants***, not plaintiffs. *See Leroy v. Great W. United Corp.*, 443 U.S. 173, 183-84 (1979) ("In most instances, the purpose of statutorily specified venue is to ***protect the defendant*** against the risk that a plaintiff will select an unfair or inconvenient place of trial.") (emphasis added); *see also Calder v. Jones*, 465 U.S. 783, 788, 104 S.Ct. 1482, 79 L.Ed.2d 804 (1984) (noting that "[i]n judging minimum contacts, a court properly focuses on 'the relationship among the defendant, the forum, and the litigation.'"). RetroLED's argument is thus predicated on the notion that plaintiff – not defendant – should be able to effectively determine venue, and that subsequent challenges to venue should be examined based on what is fair to the plaintiff. Such a result would not "comport with fair play and substantial justice." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (internal quotations omitted) (discussing Constitutional limitations on personal jurisdiction).

Finally, even to the extent the Court decides to consider § 1400(b), Principal notes a recent Federal Circuit opinion that guides venue being found improper here. Applying § 1400(b) to Principal as the corporate defendant here, there is no dispute that RetroLED's suit in this District is improper as Principal's principal place of business is in San Angelo in the Northern District of Texas. *See* Amended Complaint, Dkt. No. 11 at ¶ 14; *see also In re BigCommerce, Inc.*, ___ F.3d ___, No. 2018-122, 2018 WL 2207625 (Fed. Cir. May 15, 2018) ("[W]e hold that

8

for purposes of determining venue under § 1400(b) in a state having multiple judicial districts, a corporate defendant shall be considered to "reside" *only in the single judicial district within that state where it maintains a principal place of business*[.]") (emphasis added). In light of this Federal Circuit decision, venue is improper under § 1400(b) to the extent the Court gives any purchase to RetroLED's argument that § 1400(b) should be considered.

C. The "Substantial" Events and Property Exist in the Northern District

RetroLED's suggestion that venue is proper under § 1391(b)(2) again neglects this Court's precedent. In particular, there is no doubt that the relevant inquiry in these circumstances is whether the *defendant-patentee's actions* in the district are sufficient to confer venue under § 1391(b)(2). *See Broadway Nat'l Bank v. Plano Encryption Techs., LLC*, 173 F. Supp. 3d 469, 479-80 (W.D. Tex. 2016) (finding also that "the source of the cause of action for non-infringement is the ownership and existence of the copyright or patent."). Here, a "substantial" part of the events giving rise to this declaratory judgment action did not occur in this District, and the property at issue here – a U.S. Patent – is situated in the Northern District of Texas where Principal resides. *See id.* ("[A] substantial part of the events giving rise to the claims have not occurred in the Western District of Texas, but rather in the Eastern District of Texas, where [Defendant-Patentee] and the patents are physically located . . . .").

The only alleged "events" identified in support of RetroLED's § 1391(b)(2) theory are: (i) one meeting[9] during 2013 or 2014 between a representative for Principal and RetroLED which allegedly gave rise to this action; and (ii) Principal's appointment of a USPTO

---

[9] RetroLED identifies three meetings in the Amended Complaint, but clarifies that the relevant "events" took place at "[d]uring one of the three meetings between Mr. Garcia and Mr. Norton." Response, at 23. Thus, it is unclear why RetroLED references the other two meetings with respect to § 1391(b)(2).

representative who works in Austin, TX. Response, at 23-24. But RetroLED has failed to provide any factual allegations whatsoever supporting its suggestion that the meeting in 2013/2014 has any bearing on this case filed a number of years later. Indeed, Principal's '835 Patent at issue in this case was not issued by the USPTO until April 12, 2016 – years after the alleged meeting. There is no plausible link – pled or implicit – between the meeting and this case which RetroLED filed years later.

Further, RetroLED's naked allegation that "the genesis of the dispute arose when Mr. Norton demonstrated his idea to Principal Lighting's representatives in 2013 or 2104 (*sic*) which Principal Lighting then sought to acquire a patent to cover the idea years later" (Response, at 24) is demonstrably implausible because the application underlying the '835 Patent was filed back in 2010, years before the alleged meeting. In any event, the case law is clear that the "source of the cause of action for non-infringement is the ***ownership and existence of the copyright or patent***," not plaintiff's actions which constitute infringement. *See Broadway*, 173 F. Supp. 3d at 479-80.

Finally, RetroLED's "legal representative" theory is yet another failed bite at the apple. There is no support for its position, and in fact, precedent contradicts RetroLED's arguments. *Wenche Siemer v. Learjet Acquisition Corp.*, 966 F.2d 179, 182 (5th Cir. 1992). Moreover, as a practical matter, RetroLED's argument remains troubling as it would mean that corporate defendants with legal counsel having offices across the United States would be subject to being summoned into districts where those companies have no physical or other presence.

## III.  CONCLUSION

For the foregoing reasons, Principal respectfully requests that the Court dismiss RetroLED's Amended Complaint for improper venue under Fed. R. Civ. P. 12(b)(3).

Date: May 23, 2018                              Respectfully submitted,

                                                By:  */s/ Wasif H. Qureshi*
                                                     Wasif H. Qureshi
                                                     Texas State Bar No. 24048155
                                                     wqureshi@jw.com
                                                     **JACKSON WALKER LLP**
                                                     1401 McKinney, Suite 1900
                                                     Houston, Texas 77010
                                                     Telephone: (713) 752-4521
                                                     Facsimile: (713) 308-4121

                                                     Blake T. Dietrich
                                                     Texas State Bar No. 24087420
                                                     bdietrich@jw.com
                                                     **JACKSON WALKER LLP**
                                                     2323 Ross Ave., Suite 600
                                                     Dallas, TX 75201
                                                     Telephone: (214) 953-6000

                                                **COUNSEL FOR DEFENDANT PRINCIPAL LIGHTING GROUP, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on May 23, 2018, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Western District of Texas, using the Court's electronic case filing system, and thus the foregoing document has been electronically served on counsel of record.

                                                     */s/ Wasif H. Qureshi*
                                                     Wasif H. Qureshi