**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**WACO DIVISION**

| | | |
|---|---|---|
| RETROLED COMPONENTS, LLC, | § | |
| Plaintiff, | § | Civil Case No.: 6:18-cv-55- ADA |
| | § | |
| v. | § | |
| | § | JURY TRIAL DEMANDED |
| PRINCIPAL LIGHTING GROUP, LLC | § | |
| Defendant. | § | |
| | § | |

**PRINCIPAL LIGHTING GROUP, LLC'S ANSWER, DEFENSES, AND**
**COUNTERCLAIMS IN RESPONSE TO PLAINTIFF'S FIRST AMENDED**
**COMPLAINT**

Pursuant to Federal Rules of Civil Procedure 7 and 12, Defendant Principal Lighting

Group, LLC ("PLG"), by and through the undersigned counsel, hereby files this Answer,

Defenses, and Counterclaims to Plaintiff RetroLED Components, LLC's ("RetroLED") First

Amended Complaint for Declaratory Judgment (Dkt. No. 11) ("Amended Complaint"). PLG

denies all allegations in the Amended Complaint unless expressly admitted in the following

numbered paragraphs, which correspond to the numbered paragraphs in the Amended

Complaint:

### [RETROLED'S] INTRODUCTION

1.      PLG admits that RetroLED purports to seek declaratory judgment that at least

claim 1 of U.S. Patent No. 9,311,835 ("the '835 Patent") is invalid and not contributorily

infringed. PLG also admits that RetroLED purports to seek attorneys' fees. PLG denies that

RetroLED is entitled to any relief. Any remaining allegations in Paragraph 1 of the Amended

Complaint are denied.

### [RETROLED'S DESCRIPTION OF THE] BACKGROUND

2-6.      PLG does not believe that a response to Paragraphs 2-6 of the Amended

Complaint is required in that these paragraphs provide RetroLED's beliefs about the historical development of certain lighting systems based on third-party "prior art" materials. To the extent a response is required, PLG denies any allegations, characterizations or suggestions, willful or otherwise, set forth in Paragraphs 2-6 of the Amended Complaint.

7.      Admitted.

**[RETROLED'S DESCRIPTION OF] THE PARTIES AND RELEVANT PERSONNEL**

8.      PLG incorporates and re-avers its above responses to the allegations in Paragraphs 1-7 of the Amended Complaint.

9-11.   PLG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 9-11 of the Amended Complaint and therefore denies them.

12.      On information and belief, PLG admits that RetroLED uses, makes and/or has made, and sells different types of "end caps" for use in installing LED-based lighting in sign cabinets. PLG is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12 of the Amended Complaint and therefore denies them.

13.      PLG is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Amended Complaint and therefore denies them.

14.      PLG admits that it is a Delaware corporation, is registered to do business in Texas, and maintains a place of business at 3490 Venture Drive, San Angelo, Texas 76905. PLG denies any remaining allegations in in Paragraph 14 of the Amended Complaint.

15-25.  Without admission of any allegations in Paragraphs 15-25 of the Amended Complaint, PLG for this action only does not contest whether venue is proper in this district. PLG denies any allegation that there is not a more appropriate or convenient venue for this action.

## JURISDICTION AND VENUE

26.     PLG incorporates and re-avers its above responses to the allegations in Paragraphs 1-25 of the Amended Complaint.

27.     PLG admits that the Amended Complaint purports to set forth a claim under the Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq*., as well as the Patent Laws of the United States, Title 35 of the United States Code. PLG admits that this Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. §§ 1331 and 1338(a). PLG denies any remaining allegations in Paragraph 27 of the Amended Complaint.

28.     Without admission of any allegations in Paragraph 28 of the Amended Complaint, PLG does not contest whether personal jurisdiction over it properly lies in this district.

29.     Without admission of any allegations in Paragraph 29 of the Amended Complaint, PLG does not contest whether personal jurisdiction over it properly lies in this district.

30.     Without admission of any allegations in Paragraph 30 of the Amended Complaint, PLG for this action only does not contest whether venue is proper in this district. PLG denies any allegation that there is not a more appropriate or convenient venue for this action.

## THE PATENT-IN-SUIT

31.     PLG incorporates and re-avers its above responses to the allegations in Paragraphs 1-30 of the Amended Complaint.

32.     PLG admits that a purported copy of the '835 Patent is attached to the Amended Complaint as Ex. IV. Further, PLG admits that the '835 Patent shows an issue date of April 12, 2016 and a title of "Lighting Mount for Interior-Lighted Signage and Method of Retrofitting a Lighted Sign." PLG admits that the '835 Patent was issued naming Thomas C. Breihof as the inventor and listing SignComp, LLC as the assignee. PLG denies any remaining allegations in Paragraph 32 of the Amended Complaint.

33.     PLG admits that it is the current assignee of the '835 Patent. PLG also admits that

the assignment of the '835 Patent from SignComp, LLC to PLG identifies Joseph R. Lally of

Jackson Walker LLP as correspondent for PLG. PLG denies any remaining allegations in

Paragraph 33 of the Amended Complaint.

34.     Admitted with respect to the reproduced language from claim 1 of the '835

Patent. Denied with respect to any characterizations about that claim or the language recited

therein.

### [RETROLED ALLEGED] THE SUBSTANTIAL CONTROVERSY BETWEEN THE PARTIES

35.     PLG incorporates and re-avers its above responses to the allegations in

Paragraphs 1-34 of the Amended Complaint.

36-39.  PLG admits that its counsel sent a letter to RetroLED on February 12, 2018

(which letter is attached to the Amended Complaint as Ex. VI). With respect to RetroLED's

allegations about that letter, PLG responds that the letter speaks for itself and that no further

response regarding its content is necessary. PLG denies any remaining allegations or

characterizations in Paragraphs 36-39 of the Amended Complaint and expressly reserves full and

all right to assert infringement by RetroLED of one or more claims of the '835 Patent.

40.     Denied.

41.     PLG admits that there is a justiciable controversy between the parties regarding

the '835 Patent. PLG denies the remaining allegations in Paragraph 41 of the Amended

Complaint.

### [RETROLED'S] COUNT I: [ALLEGED] INVALIDITY OF CLAIM 1 OF UNITED STATES PATENT NO. 9,311,835

42.     PLG incorporates and re-avers its above responses to the allegations in

Paragraphs 1-41 of the Amended Complaint.

43.     Admitted that Paragraph 43 of the Amended Complaint recites the language of claim 1 of the '835 Patent. PLG denies any remaining allegations in Paragraph 43 of the Amended Complaint.

44.     Admitted that the '835 Patent was filed on November 22, 2011 and claims priority to a provisional application filed on November 24, 2010. PLG denies any remaining allegations in Paragraph 44 of the Amended Complaint.

45.     Denied.

### [RETROLED'S INVALIDITY ALLEGATIONS]

46-92.  Paragraphs 46-92 of the Amended Complaint contain RetroLED's invalidity allegations formed of its beliefs about the scope of claim 1 of the '835 Patent, legal contentions, and beliefs about the disclosures in certain third party alleged "prior art" materials. PLG believes that the '835 Patent and the alleged prior art materials speak for themselves such that no further response is required. Nonetheless, to be clear, PLG denies any allegations, characterizations, or suggestions of invalidity in Paragraphs 46-92 of the Amended Complaint and specifically denies any allegation that any claim of the '835 Patent is invalid.

93-94.  Denied.

### [RETROLED'S] COUNT II: [ALLEGED] NON-INFRINGEMENT OF UNITED STATES PATENT NO. 9,311,835

95.     PLG incorporates and re-avers its above responses to the allegations in Paragraphs 1-94 of the Amended Complaint.

96-99.  Paragraphs 96-99 of the Amended Complaint contain RetroLED's allegations regarding its contention that it does not contributorily infringe the '835 Patent. PLG denies any allegation that RetroLED does not infringe.

100.    Denied.

## [RETROLED'S] JURY DEMAND

Because RetroLED's demand for jury trial does not state any allegation, no response by PLG is required.

## [RETROLED'S] PRAYER FOR RELIEF

PLG denies that RetroLED is entitled to any relief whatsoever, including any relief requested in the Prayer for Relief portion of the Amended Complaint including sub-paragraphs (a)-(d). Any allegations therein are denied.

To the extent that any allegations in the Amended Complaint have not been previously specifically admitted or denied, PLG denies them.

## AFFIRMATIVE DEFENSES

Without prejudice to the denials hereinabove set forth in the Answer, without admitting any of RetroLED's allegations not otherwise admitted, and without undertaking any of the burdens imposed by law on RetroLED, PLG asserts the following defenses to RetroLED's Amended Complaint, and expressly reserves the right to allege additional Affirmative Defenses as they become known during this litigation:

### FAILURE TO STATE A CLAIM

The Amended Complaint fails to state a claim upon which relief may be granted.

### INFRINGEMENT OF THE '835 PATENT

RetroLED's Amended Complaint should be dismissed because RetroLED has infringed and continues to infringe, either directly, contributorily, by inducement, jointly, literally, or under the doctrine of equivalents, the claims of the '835 Patent as set forth in PLG's Counterclaims herewith.

### VALIDITY OF THE '835 PATENT

RetroLED's Amended Complaint should be dismissed because the claims of the '835 Patent are valid under Part II of Title 35 of the United States Code, including, but not limited to, §§ 101, 102, 103, and 112. In particular, the claims of the '835 Patent are presumed valid in accordance with 35 U.S.C. § 282 and RetroLED has failed to establish clear and convincing evidence that the claims are invalid in view of the prior art references cited in the Amended Complaint.

## PRINCIPAL LIGHTING GROUP, LLC'S COUNTERCLAIMS FOR PATENT INFRINGEMENT AGAINST RETROLED COMPONENTS, LLC

Pursuant to Federal Rule of Civil Procedure 13, Defendant/Counter-Plaintiff Principal Lighting Group, LLC ("PLG") hereby asserts the following counterclaims of patent infringement against Plaintiff/Counter-Defendant RetroLED Components, LLC ("RetroLED") and avers as follows:

### A.     NATURE AND BASIS OF ACTION

1.      This is a civil action for the infringement of United States Patent No. 9,311,835 ("the '835 Patent" or "the Patent-in-Suit") under the Patent Laws of the United States 35 U.S.C. § 1 *et seq*.

### B.     PARTIES, JURISDICTION AND VENUE

2.      PLG is a Delaware corporation and maintains a place of business at 3490 Venture Drive, San Angelo, Texas 76905.

3.      On information and belief based solely on Paragraph 1 of the Amended Complaint as pled by RetroLED, RetroLED is a limited liability company formed under the laws of the State of Texas. RetroLED has its principal place of business at 1515 North Grandview Avenue, Odessa, Texas 79761 within the Western District of Texas.

4.      This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338 because it arises under the Patent Laws of the United States, United States Code, Title 35.

5.      This Court has personal jurisdiction over RetroLED by virtue of the fact that RetroLED is a Texas limited liability company and has submitted to the jurisdiction of this Court by bringing the instant action.

6.      Venue in this District is appropriate over these Counterclaims because RetroLED

has consented to the propriety of venue in this district by filing its Complaint for Declaratory Judgment in this Court, in response to which these Counterclaims are asserted.

7.       RetroLED is subject to this Court's specific and general personal jurisdiction pursuant to due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum including but not limited to: (i) at least a portion of the infringements alleged herein; and (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this district.

## C.       RETROLED'S INFRINGEMENT OF U.S. PATENT NO. 9,311,835

8.       PLG owns, by assignment, the '835 Patent entitled "Lighting mount for interior-lighted signage and method of retrofitting a lighted sign." A true and correct copy of the '835 Patent is attached hereto as Exhibit 1.

9.       There is an actual and justiciable controversy between the parties arising under the Patent Act, 35 U.S.C. § 1, *et seq*. concerning RetroLED's infringement of one or more claims of the '835 Patent.

10.       RetroLED, in violation of 35 U.S.C. § 271, has infringed, literally or through the doctrine of equivalents, and continues to infringe the '835 Patent through RetroLED's making, using, selling, and/or offering for sale in the United States, and specifically in this district, light support assemblies that fall within the claims of the '835 Patent.

11.       On information and belief, RetroLED has directly infringed at least claim 1 of the '835 Patent under 35 U.S.C. § 271(a) by making, using, selling, and/or offering for sale complete light support assemblies incorporating, for example, "Rigid" end caps (*e.g.*, part nos. EC-T-12 HO and TOREC). Further, for example, RetroLED's website lists a number of different

RetroLED end caps which can be combined with "RetroLED's [proprietary] Light Stick[s]" to form an infringing light support assembly. *See* http://www.retroledcomponents.com/trinity-360.html (attached hereto as Exhibit 2). This includes at least the accused "Rigid" end caps.

12.     RetroLED has had actual notice of the '835 Patent and RetroLED's infringing instrumentalities since at least as early as its receipt of PLG's February 12, 2018 letter to RetroLED regarding infringement of the '835 Patent.

13.     On information and belief, RetroLED has indirectly infringed at least claim 1 of the '835 Patent under 35 U.S.C. § 271(b), literally and/or under the doctrine of equivalents, by actively, knowingly, and intentionally inducing infringement of the '835 Patent by others (*e.g.*, RetroLED's customers, distributors, partners, and/or third parties). In particular, RetroLED's website specifically advertises that its "components" (including the accused "Rigid" end caps) "enable [customers] to choose LEDs from any manufacturer and build LED Light Sticks in your shop or on-site." *See* http://www.retroledcomponents.com/modular-components.html (attached hereto as Exhibit 3). RetroLED's end caps can be used and are intended to be used to frictionally engage ends of elongate support members that support a plurality of electric lamp units (*e.g.*, LEDs). *See* Exhibits 2, 3. Further, RetroLED's end caps have electrically insulative mechanical coupling elements that do not retain electrical conductors along or through the mechanical coupling elements. *See* Exhibits 2, 3.

14.     On information and belief, RetroLED has indirectly infringed at least claim 1 of the '835 Patent under 35 U.S.C. § 271(c), based on RetroLED's marketing and sales of, for example, its "Rigid" end caps. As previously discussed, RetroLED knowingly and intentionally advertises and sells its products to customers with the expectation that customers will use, for example, the "Rigid" end caps to form light support assemblies covered by at least claim 1 of the

'835 Patent. As such, RetroLED is liable for contributory infringement under 35 U.S.C. § 271(c) of at least claim 1 of the '835 Patent as its end caps are not capable of any substantial non-infringing uses.

15.     On information and belief, RetroLED has directly infringed at least claim 1 of the '835 Patent due at minimum to its use of lamp support assemblies as recited in claim 1 of the '835 Patent. *See* Exhibits 2, 3.

16.     On information and belief, RetroLED makes, uses, and sells components or component kits used to make a lamp support assembly as recited in claim 1 of the '835 Patent. RetroLED instructs others to combine the components in a manner to infringe at least claim 1 of the '835 Patent. *See* Exhibits 2, 3.

17.     RetroLED has been aware of the '835 Patent at least since its receipt of PLG's February 12, 2018 letter to RetroLED regarding infringement of the '835 Patent. At least based on that awareness of the '835 Patent, RetroLED's infringement of the '835 Patent is, has been, and continues to be willful and deliberate.

18.     On information and belief, RetroLED has continued and will continue to infringe one or more claims of the '835 Patent unless enjoined by this Court.

19.     As a direct and proximate result of RetroLED's infringement of the '835 Patent, PLG has been and continues to be damaged in an amount yet to be determined.

20.     Unless RetroLED's ongoing infringement is enjoined, PLG will suffer irreparable injury for which there is no adequate remedy at law.

21.     This is an exceptional case such that PLG should be entitled to its reasonable attorneys' fees and expenses incurred in prosecuting this action and defending any declaratory judgment requests or counterclaims brought by RetroLED.

## PLG'S PRAYER FOR RELIEF

PLG respectfully requests that the Court:

A.  Enter judgment in PLG's favor that RetroLED has infringed the '835 Patent and that such infringement was willful;

B.  Enter an order stating that RetroLED is liable to PLG for damages in an amount not less than recovery of lost profits, a reasonable royalty, treble damages, costs, expenses, and prejudgment and post-judgment interest for RetroLED's infringement of the '835 Patent, as provided under 35 U.S.C. § 284;

C.  Enter an order permanently enjoining RetroLED and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all other actors acting in active concert therewith from infringing the '835 Patent, as provided under 35 U.S.C. § 283;

D.  Enter an order stating that PLG is a prevailing party and that this is an exceptional case, and thereby award PLG its costs, disbursements, and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 and any other applicable statutes, rules, or common law; and

E.  Grant such other and further relief that the Court deems just and appropriate in law or equity.

## PLG'S JURY DEMAND

PLG requests a trial by jury on all issues so triable.

Date: January 11, 2019                          Respectfully submitted,

                                                By:    */s/ Wasif H. Qureshi*
                                                        Wasif H. Qureshi
                                                        Texas State Bar No. 24048155
                                                        wqureshi@jw.com
                                                        **JACKSON WALKER LLP**
                                                        1401 McKinney, Suite 1900
                                                        Houston, Texas  77010
                                                        Telephone:  (713) 752-4521

                                                        Blake T. Dietrich
                                                        Texas State Bar No. 24087420
                                                        bdietrich@jw.com
                                                        **JACKSON WALKER LLP**
                                                        2323 Ross Ave., Suite 600
                                                        Dallas, Texas 75201
                                                        Telephone: (214) 953-6000

                                                **COUNSEL FOR DEFENDANT PRINCIPAL
                                                LIGHTING GROUP, LLC**

## CERTIFICATE OF SERVICE

        I hereby certify that on January 11, 2019, I electronically filed the foregoing document
with the clerk of the court for the U.S. District Court, Western District of Texas, using the
Court's electronic case filing system, and thus the foregoing document has been electronically
served on counsel of record.

                                                */s/ Wasif H. Qureshi*
                                                Wasif H. Qureshi