IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISON

| | | |
|---|---|---|
| RETROLED COMPONENTS, LLC, §<br>    *Plaintiff / Counterclaim-Defendant*, §<br>§<br>v. §<br>§<br>PRINCIPAL LIGHTING GROUP, LLC, §<br>    *Defendant / Counterclaim-Plaintiff*, §<br>§<br>v. §<br>§<br>PRINCIPAL LIGHTING GROUP, LLC, §<br>    *Third Party Plaintiff / Third Party* §<br>    *Counterclaim-Defendant*, §<br>§<br>v. §<br>§<br>REECE SUPPLY COMPANY OF DALLAS, §<br>    *Third Party Defendant / Third Party* §<br>    *Counterclaim-Plaintiff*. §<br>§ | | Civil Case No.: 6:18-cv-55-ADA<br><br>JURY TRIAL DEMANDED |

**EXHIBIT A**

**TO**

**THE DECLARATION OF JOHN M. BUSTAMANTE
IN SUPPORT OF**

**RETROLED COMPONENTS, LLC AND REECE SUPPLY COMPANY OF DALLAS'S
MOTION TO EXCLUDE THE OPINION TESTIMONY OF
MR. MICHAEL GERSHOWITZ AND MS. CANDICE K. Q. CORNELIUS**

---

**RETROLED COMPONENTS, LLC AND REECE SUPPLY COMPANY OF DALLAS'S
JANUARY 6, 2020 SECOND REQUESTS FOR PRODUCTION (NOS. 44-49) TO
PRINCIPAL LIGHTING GROUP, LLC**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| **RETROLED COMPONENTS, LLC,**<br>  *Plaintiff / Counterclaim-Defendant,*<br><br>v.<br><br>**PRINCIPAL LIGHTING GROUP, LLC,**<br>  *Defendant / Counterclaim-Plaintiff,*<br><br><br>**PRINCIPAL LIGHTING GROUP, LLC,**<br>  *Third Party Plaintiff / Third Party Counterclaim-Defendant,*<br><br>v.<br><br>**REECE SUPPLY COMPANY OF DALLAS,**<br>  *Third Party Defendant / Third Party Counterclaim-Plaintiff.* | Civil Case No.: 6:18-cv-55-ADA<br><br>**JURY TRIAL DEMANDED** |

**RETROLED COMPONENTS, LLC'S AND REECE SUPPLY COMPANY OF DALLAS'S SECOND REQUESTS FOR PRODUCTION (NOS. 44-49)
TO PRINCIPAL LIGHTING GROUP, LLC**

Plaintiff RetroLED Components, LLC ("RetroLED") and Reece Supply Company of Dallas ("Reece"), by and through their undersigned counsel and pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, hereby requests Principal Lighting Group, LLC, ("Principal Lighting") to provide written responses and produce the following described documents at the offices of Denko & Bustamante, LLP, 2905 San Gabriel St., Suite 205, Austin, Texas 78705, within 30 days from receipt of this request, as required by the Federal Rules of Civil Procedure.

## **DEFINITIONS**

The following definitions and instructions shall apply to each of the requests herein:

a. As used herein, the term "RetroLED" means Plaintiff and Counterclaim Defendant RetroLED Components, LLC, and all of its present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, and all other natural persons purporting to act on behalf of or in concert with RetroLED.

b. As used herein, the term "Reece Supply" means Third Party Defendant and Third Party Counterclaimant Reece Supply Company of Dallas, and all of its present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, and all other natural persons purporting to act on behalf of or in concert with Reece Supply.

c. As used herein, the term "Principal Lighting" means Defendant, Counterclaim Plaintiff, Third Party Plaintiff and Third Party Counterclaim Defendant Principal Lighting Group, LLC, including any parent, subsidiary, predecessor, successor, or other related entities, and all of its present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, and all other persons or entities purporting to act on behalf or in concert with Principal Lighting, and the present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, and representatives thereof.

d. As used herein, the term "Principal Holdings" means Principal Lighting Group Holdings, LLC—the managing member of Principal Lighting—including any parent, subsidiary, predecessor, successor, or other related entities, and all of its present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, and all other persons or entities purporting to act on behalf or in concert with Principal Holdings, and the present

and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, and representatives thereof.

      e.      The terms "You," "Your" means "Principal Lighting" Defendant, Counterclaim Plaintiff, Third Party Plaintiff and Third Party Counterclaim Defendant Principal Lighting Group, LLC, Principal Holdings or Principal Lighting Group Holdings, LLC—the managing member of Principal Lighting including any parent, subsidiary, predecessor, successor, or other related entities, and all of its present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, and all other persons or entities purporting to act on behalf or in concert with Principal Lighting, and the present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, and representatives thereof.

      f.      The term "Valesco" means Valesco Industries, Inc. including but not limited to Valesco Industries, LLC as well as all of its present and former officers, directors, managers, employees, consultants, agents, attorneys, accountants, representatives, and all other natural persons purporting to act on behalf of or in concert with Valesco.

      g.      The term "Patent-in-Suit" refers to United States Patent No. 9,311,835 issued to Thomas C. Breihof on April 12, 2016 and titled "Lighting mount for interior-lighted signage and method of retrofitting a lighted sign."

      h.      "Related Patents" refers to any patents that either claim priority to the Patent in Suit or are cited by the Patent in Suit as a patent from which the Patent in Suit claims priority. "Related Patent Applications" refers to US Provisional Pat. App. No. 61/417,156 or to any patent application whether or not ultimately issued which at any time either claimed priority to US Pat. App. 13/302,235 or US Provisional Pat. App. No. 61/417,156.

  i. "Prosecuting Attorney" refers to any attorney or agent who prosecuted the Patent-in-Suit and any related patents or related patent applications, including without limitation Matthew D. Kendall.

  j. "Litigation" means the case currently styled *RetroLED Components, LLC v. Principal Lighting Group, LLC v. Reece Supply Co. of Dallas*, Case No.: 6:18-CV-55-ADA, in the United States District Court for the Western District of Texas, San Antonio Division.

  k. "Related Litigation" means any litigations that involve the Patent-in-Suit.

  l. The "'156 Provisional" means United States Patent Application No. 61/417,156, filed with the United States Patent and Trademark Office on November 24, 2010.

  m. The "SignComp Assignment" refers to the assignment between SignComp, LLC and Principal Lighting Group, LLC dated January 4, 2018, recorded January 4, 2018 for the Patent-in-Suit and Canadian Patent No. 2,759,366.

  n. The term "Business Agreements" is to be interpreted as the term "Business Agreement" is used in the August 23, 2019 Press Release titled, "Principal Lighting Group and Nichia Corporation enter into business agreement" and available at https://www.p-led.com/2019/08/principal-lighting-group-and-nichia-corporation-enter-into-business-agreement/.

  o. The term "Limited Liability Company Agreement" has the meaning provided in Title 6 of the Delaware Code § 18-101(9).

  p. The term "Cease and Desist Letter" means any correspondence, whether physical or electronic, sent to any person in which Principal Lighting: has demanded that any person cease and desist infringing any intellectual property owned by, assigned to, licensed to or managed by Principal Lighting or Principal Holdings; has offered a license or demanded that the person take a

license to any intellectual property owned by, assigned to, licensed to or managed by Principal Lighting or Principal Holdings; or has sought more information to determine whether infringement of any person's products may be infringing intellectual property of Principal Lighting or Principal Holdings.

    q.    The term "document" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a), and shall have the broadest meaning possible under the Federal Rules of Civil Procedure and shall include, but not be limited to, the original (or a copy when the original is not available), each non-identical copy (including those which are non-identical by reason of notation or marking, or by appearing in the files of a separate person), and any books, notebooks, pamphlets, periodicals, letters, reports, memoranda, handwritten notes, notations, messages, telegrams, wires, cables, press or news wire releases, records, studies, analyses, summaries, magazines, booklets, circulars, catalogs, bulletins, instructions, operating or maintenance manuals, operating or product specifications, fabrication sheets, test data, design specifications, parts lists, calendars, day-timers, notes or records of meetings, notices, purchase orders, bills, ledgers, checks, tabulations, questionnaires, surveys, drawings, sketches, schematics, blueprints, flow sheets, working papers, charts, graphs, indices, tapes, agreements, releases, appraisals, valuations, estimates, opinions, financial statements, accounting records, income statements, photographs, films or videotapes, minutes, contracts, leases, invoices, records of purchase or sale, correspondence, electronic or other transcription or tapings of or notes pertaining to telephone or personal conversations or conferences, tape recordings, electromagnetic recordings, voice mails messages or transcriptions thereof, interoffice communications of all types, e-mail messages or printouts thereof, microfilms, CD- ROMS, DVD-ROMS, videotapes or cassettes, films, movies, computer printouts and any and all other written,

printed, typed, punched, engraved, taped, filmed, recorded (electronically or otherwise), labeled, or graphic matter, of whatever description, however produced or reproduced (including computer-stored or generated data, together with the instructions or programs necessary to search and retrieve such data), and shall include all attachments to (including tangible things) and enclosures with (including tangible things) any requested item, to which they are attached or with which they are enclosed, and each draft thereof. A draft of a non-identical copy is a separate document within the meaning of this term.

   r.  The term "relating to" means concerning, reflecting, referring to, discussing, describing, evidencing, or constituting, supporting, and when used in the context of a request for production of documents concerning a subject matter, includes within the request documents relating to, referring to, discussing, describing, evidencing or constituting such subject matter and any documents that are either (1) "relevant evidence" as defined in Rule 401 of the Federal Rules of Evidence with respect to such subject matter, whether admissible or not, or (2) reasonably may lead to the discovery by RetroLED of admissible evidence that is relevant to such subject matter.

   s.  The terms "person," "entity" or "entities" include natural persons, proprietorships, partnerships, firms, corporations, public corporations, municipal corporations, governments (including foreign national governments, the government of the U.S. or any state or local government), all departments and agencies thereof, any governmental agencies of any country, political subdivisions, groups, associations, or organizations.

   t.  The conjunctions "and" and "or" are to be construed either conjunctively or disjunctively as necessary to bring within the scope of these requests all responses that might otherwise be construed as being outside of their scope.

   u.  Identify" or "identity" means to state or a statement of:

      a. in the case of a person other than a natural person, its name, the address of its principal place of business (including zip code), its telephone number, and the name of its chief executive officer, as well as, if it has a person other than a natural person that ultimately controls it, that other person's name, the address of that person's principal place of business (including zip code), that other person's telephone number, and the name of that other person's chief executive officer;

      b. in the case of a natural person, his or her name, business address and telephone number, employer, and title or position;

      c. in the case of a communication, its date, type (e.g., telephone conversation or discussion), the place where it occurred, the identity of the person who made the communication, the identity of the person who received the communication, the identity of each other person when it was made, and the subject matter discussed;

      d. in the case of a document, the title of the document, the author, the title or position of the author, the addressee, each recipient, the type of document, the subject matter, the date of preparation, and its number of pages; and

      e. in the case of an agreement, its date, the place where it occurred, the identity of all persons who were parties to the agreement, the identity of each person who has knowledge of the agreement and all other persons present when it was made, and the subject matter of the agreement.

  v. "Including" means including, but not limited to.

## **INSTRUCTIONS**

The following instructions shall apply to each of the requests for production:

1.  In answering the following document requests, You shall furnish all available information and documents, including information in the possession, custody, or control of any of its attorneys, directors, officers, agents, employees, representatives, associates, investigators or division affiliates, partnerships, parents or subsidiaries, and persons under Your control, who have the best knowledge, not merely information known to it based on its own personal knowledge. If You cannot fully respond to the following document requests after exercising due diligence to secure the information requested thereby, so state, and specify the portion of each document request that cannot be responded to fully and completely. In the latter event, state what efforts were made to obtain the requested information and the facts relied upon that support the contention that the document requests cannot be answered fully and completely; and state what knowledge, information or belief You have concerning the unanswered portion of any such document request.

2.  If any information requested is claimed to be privileged or otherwise immune from discovery, please provide all information falling within the scope of the document request which is not privileged, and for each item of information contained in a document or communication to which a claim of privilege is made, identify such document or communication with sufficient particularity for purposes of a motion to compel, such identification to include at least the following:

    a)    the basis on which the privilege is claimed;

    b)    the names and positions of the author of the information;

    c)    the name and position of each individual or other person to whom the information, or a copy thereof, was sent or otherwise disclosed and, if not apparent, the relationship of the persons to the author of the information;

d) the date of the information;

e) a description of any accompanying material transmitted with or attached to such information;

f) the number of pages in such document or information or length of communication; and

g) a description of the subject matter of the information, including whether any business or non-legal matter is contained or discussed in such information.

3. Where the name or identity of a person is requested, please state the full name, home address, and business address.

4. When the identity of a document is requested, please provide:

    a)    The nature and the substance of the document with sufficient particularity to enable the same to be precisely identified and recognized;

    b)    The date or approximate date on which the document was prepared;

    c)    The identity of each person who wrote, signed, initialed, dictated, or otherwise participated in the preparation of such document;

    d)    The identity of each person to whom the document or any copy of it was sent or addressed; and

    e)    The identity of each person having custody of the document or any copy of it.

5. "Describe in detail," as used herein, shall mean to recite, in writing, all facts which You or Your counsel have obtained, have access to and/or are aware of, that refer or relate to the subject matter about which a document request is being made, including but not limited to:

    a) The source or sources of each stated fact;

    b) The date upon which You obtained and/or became aware of each stated fact;

    c) All persons with knowledge of each stated fact;

    d) The identity of all documents which support, negate or otherwise refer or relate to each stated fact; and

    e) All communications referring or relating to each stated fact.

6. If Your response to a particular document request is a statement that You lack the ability to comply with that document request You must specify whether the inability to comply is because the particular item or category of information never existed, has been destroyed, has been lost, misplaced, or stolen, or has never been, or is no longer, in Your possession, custody, or control, in which case the name and address of any person or entity known or believed by You to have possession, custody, or control of that information or category of information must be identified.

7. To the extent a request for production requests that certain information regarding sales volume or gross revenue such information shall be stated on a monthly basis.

8. These requests shall be deemed continuing so as to require You to provide modified or supplemental answers if You obtain additional information or documents after the time of Your response.

## **REQUESTED DOCUMENTS**

44. Cease and Desist Letters relating to the Patent-in-Suit.

45. Responses to the Cease and Desist Letters received by You.

46. Documents relating to sales of Your products from January 4, 2018, the date of the SignComp Assignment, to the present.

47. Documents relating to offers for sale of Your products from January 4, 2018, the date of the SignComp Assignment, to the present.

48. Documents relating to profits earned by You due to the sales of Your products from January 4, 2018, the date of the SignComp Assignment, to the present.

49. Documents relating to the pricing of Your products from January 4, 2018, the date of the SignComp Assignment, to the present.

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  January 6, 2020 |  |
|  | /s/ John M. Bustamante |
|  | J. Scott Denko |
|  | State Bar No. 00792457 |
|  | Denko@DCLLegal.com |
|  | John M. Bustamante |
|  | State Bar No. 24040618 |
|  | Bustamante@DCLLegal.com |
|  | **DENKO & BUSTAMANTE LLP** |
|  | 2905 San Gabriel St., Suite 205 |
|  | Austin, Texas 78705 |
|  | Telephone: (512) 580-2420 |
|  | Facsimile: (737) 236-8343 |
|  | **ATTORNEYS FOR RETROLED COMPONENTS, LLC AND REECE SUPPLY COMPANY OF DALLAS** |

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document was served on January 6, 2020 via electronic mail on the following counsel of record as indicated below:

Wasif H. Qureshi
Texas State Bar No. 24048155
wqureshi@jw.com
**JACKSON WALKER LLP**
1401 McKinney, Suite 1900
Houston, Texas 77010
Telephone: (713) 752-4521
Facsimile: (713) 308-4121

*Attorneys for Principal Lighting Group, LLC*

Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
**JACKSON WALKER LLP**
2323 Ross Ave., Suite 600
Dallas, TX 75201
Telephone: (214) 953-6000

*Attorneys for Principal Lighting Group, LLC*

Dated: January 6, 2020

Respectfully submitted,

 /s/ John M. Bustamante
J. Scott Denko
State Bar No. 00792457
denko@dcllegal.com
John M. Bustamante
State Bar No. 24040618
butstamante@dcllegal.com
**DENKO & BUSTAMANTE LLP**
2905 San Gabriel St., Suite 205
Austin, Texas 78705
Telephone: (512) 580-2420
Facsimile: (737) 236-8343

**ATTORNEYS FOR RETROLED COMPONENTS, LLC AND REECE SUPPLY COMPANY OF DALLAS**