**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISON**

| | |
|---|---|
| RETROLED COMPONENTS, LLC,<br>   *Plaintiff / Counterclaim-Defendant,*<br><br>v.<br><br>PRINCIPAL LIGHTING GROUP, LLC,<br>   *Defendant / Counterclaim-Plaintiff,*<br><br>v.<br><br>PRINCIPAL LIGHTING GROUP, LLC,<br>   *Third Party Plaintiff / Third Party*<br>   *Counterclaim-Defendant,*<br><br>v.<br><br>REECE SUPPLY COMPANY OF DALLAS,<br>   *Third Party Defendant / Third Party*<br>   *Counterclaim-Plaintiff.* | Civil Case No.: 6:18-cv-55-ADA<br><br>**JURY TRIAL DEMANDED** |

**EXHIBIT B**

**TO**

**THE DECLARATION OF JOHN M. BUSTAMANTE
IN SUPPORT OF**

**RETROLED COMPONENTS, LLC AND REECE SUPPLY COMPANY OF DALLAS'S
MOTION TO EXCLUDE THE OPINION TESTIMONY OF
MR. MICHAEL GERSHOWITZ AND MS. CANDICE K. Q. CORNELIUS**

---

**PRINCIPAL LIGHTING GROUP, LLC'S FEBRUARY 5, 2020 OBJECTIONS AND
RESPONSES TO RETROLED COMPONENTS, LLC AND REECE SUPPLY
COMPANY OF DALLAS'S SECOND REQUESTS FOR PRODUCTION (NOS. 44-49)**

### IN THE UNITED STATES DISTRICT COURT
### FOR THE WESTERN DISTRICT OF TEXAS
### WACO DIVISION

| | |
|---|---|
| **RETROLED COMPONENTS, LLC,** § § § *Plaintiff / Counterclaim-Defendant*, § § § v. § § **PRINCIPAL LIGHTING GROUP, LLC,** § § § *Defendant / Counterclaim-Plaintiff.* § § § § **PRINCIPAL LIGHTING GROUP, LLC,** § § § *Third Party Plaintiff / Third Party* § *Counterclaim-Defendant*, § § v. § § **REECE SUPPLY COMPANY OF DALLAS,** § § § *Third Party Defendant / Third Party* § *Counterclaim-Plaintiff.* § | **Civil Case No.: 6:18-cv-55-ADA** **JURY TRIAL DEMANDED** |

### PRINCIPAL LIGHTING GROUP'S OBJECTIONS AND RESPONSES TO RETROLED COMPONENTS, LLC AND REECE SUPPLY COMPANY OF DALLAS'S SECOND REQUESTS FOR PRODUCTION (NOS. 44-49)

Pursuant to Federal Rules of Civil Procedure 26 and 34, Principal Lighting Group, LLC ("PLG") hereby provides the following responses and objections to RetroLED Components, LLC's ("RetroLED") and Reece Supply Company of Dallas's ("Reece Supply") Second Requests for Production (Nos. 44-49). PLG notes that its responses herein are made without waiver to any objections under Fed. R. Civ. P. 26(b)(1) that it may lodge to further requests in connection with these requests.

The information set forth below is subject to correction for inadvertent errors, mistakes, or omissions, if any should be found to exist. These objections and/or responses are based upon

records and information presently available to PLG's investigation of facts and discovery of information and documents relating to the claims and defenses at issue in this case. PLG reserves the right to supplement or amend its objections and/or responses with information hereafter discovered by the parties in this action, including through production and discovery from any third party.

Nothing in these objections and responses shall be deemed an admission by PLG regarding the existence of any information, or relevance, authenticity, materiality or admissibility of any information, for any purpose. PLG expressly reserves the right to object to the use of these responses, the subject matter contained herein, or related produced documents during any subsequent proceeding, including during trial of this or any other action.

## OBJECTIONS TO DEFINITIONS

PLG objects to the definition of the terms "Principal Lighting", "Principal Holdings", "You" and "Your", as being overly broad and unduly burdensome, and as seeking to include individuals and companies who are not affiliated with PLG. PLG further objects to the phrase "acting or purporting to act on PLG's behalf or under PLG's direction or recommendation" as vague and ambiguous. PLG further objects to the definition as seeking to require PLG to obtain documents not in its possession, custody, and/or control. PLG further objects to the definition as seeking documents in the possession of PLG's current or former attorneys which are subject to attorney-client privilege, work product doctrine, and/or some other privilege or immunity. PLG further objects to the definition as being crafted to be overly broad and burdensome on PLG.

PLG objects to the definition of the terms "document" and "documents" as being overly broad and unduly burdensome in imposing obligations broader than required by the Federal Rules of Civil Procedure, and as seeking to require PLG to obtain documents not in its possession, custody, and/or control.

## OBJECTIONS AND RESPONSES

**REQUEST FOR PRODUCTION NO. 44.**

Cease and Desist Letters relating to the Patent-in-Suit.

**RESPONSE:**

PLG objects to this request as being vague and/or overly broad in at least its use of "Cease and Desist Letters" and "relating to." PLG's response herein shall not be taken as any acquiescence to the characterizations set forth or suggested in this interrogatory.

Subject to and without waiving its foregoing objections, PLG responds that it has produced or will produce the requested document(s).

**REQUEST FOR PRODUCTION NO. 45.**

Responses to the Cease and Desist Letters received by You.

**RESPONSE:**

PLG objects to this request as being vague and/or overly broad in at least its use of "Cease and Desist Letters." PLG's response herein shall not be taken as any acquiescence to the characterizations set forth or suggested in this interrogatory. PLG further objects to this request as being duplicative or already covered by one or more other requests (*e.g.*, RFP No. 44).

Subject to and without waiving its foregoing objections, PLG responds that it has produced or will produce the requested document(s).

**REQUEST FOR PRODUCTION NO. 46.**

Documents relating to sales of Your products from January 4, 2018, the date of the SignComp Assignment, to the present.

**RESPONSE:**

PLG objects to this request as being vague and/or overly broad in at least its use of "relating to" and "Your products."

Subject to and without waiving its foregoing objections, PLG responds that it intends to produce relevant sales information.

3

**REQUEST FOR PRODUCTION NO. 47.**

Documents relating to offers for sale of Your products from January 4, 2018, the date of the SignComp Assignment, to the present.

**RESPONSE:**

PLG objects to this request as being vague and/or overly broad in at least its use of "relating to" and "Your products."

Subject to and without waiving its foregoing objections, PLG responds that it intends to produce relevant sales information.

**REQUEST FOR PRODUCTION NO. 48.**

Documents relating to profits earned by You due to the sales of Your products from January 4, 2018, the date of the SignComp Assignment, to the present.

**RESPONSE:**

PLG objects to this request as being vague and/or overly broad in at least its use of "relating to," "earned by You," "due to the," and "Your products."

Subject to and without waiving its foregoing objections, PLG responds that it intends to produce relevant sales information.

**REQUEST FOR PRODUCTION NO. 49.**

Documents relating to the pricing of Your products from January 4, 2018, the date of the SignComp Assignment, to the present.

**RESPONSE:**

PLG objects to this request as being vague and/or overly broad in at least its use of "relating to" and "Your products."

Subject to and without waiving its foregoing objections, PLG responds that it intends to produce relevant sales information.

Dated: February 5, 2020

**JACKSON WALKER LLP**

By: /s/ *Wasif H. Qureshi*
    Wasif H. Qureshi
    Texas State Bar No. 24048155
    wqureshi@jw.com
    1401 McKinney, Suite 1900
    Houston, Texas 77010
    Telephone: (713) 752-4200

    Blake T. Dietrich
    Texas State Bar No. 24087420
    bdietrich@jw.com
    2323 Ross Ave., Suite 600
    Dallas, TX 75201
    Telephone: (214) 953-6000

**COUNSEL FOR PRINCIPAL LIGHTING GROUP, LLC**

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on February 5, 2020 to all counsel of record who are deemed to have consented to electronic service.

    */s/ Wasif H. Qureshi*
    Wasif H. Qureshi