IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| RETROLED COMPONENTS, LLC,<br>   *Plaintiff / Counterclaim-Defendant,*<br><br>v.<br><br>PRINCIPAL LIGHTING GROUP, LLC,<br>   *Defendant / Counterclaim-Plaintiff,*<br><br><br>PRINCIPAL LIGHTING GROUP, LLC,<br>   *Third Party Plaintiff / Third Party*<br>   *Counterclaim-Defendant,*<br><br>v.<br><br>REECE SUPPLY COMPANY OF DALLAS,<br>   *Third Party Defendant / Third Party*<br>   *Counterclaim-Plaintiff.* | Civil Case No.: 6:18-cv-55-ADA |

**PLG'S MOTION TO STRIKE THE DECLARATION OF JOHN M. BUSTAMANTE
(DKT. 94-1), OR IN THE ALTERNATIVE, FOR LEAVE TO FILE SUR-REPLY[1]**

---

[1] Mr. Bustamante's latest declaration at Dkt. 94-1 ("Bustamante Declaration") was filed in connection with Dkt. 93-1 (RetroLED and Reece Supply's Reply ISO Their Motion to Exclude the Opinion Testimony of Michael Gershowitz and Candice Cornelius). PLG's alternative sought relief to file a sur-reply would be in response to Retro/Reece's Reply at Dkt. 93-1.

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................... iii

I.     INTRODUCTION .................................................................................................1

II.    LEGAL STANDARD ...........................................................................................2

       A.     A Declaration That Serves To Support A Motion Should Be Filed With That Initial Motion ...................................................................................2

       B.     Sur-Reply Is Appropriate To Respond To New Evidence Raised In Reply ............2

III.   ARGUMENT ........................................................................................................2

       A.     The Bustamante Declaration Is Procedurally And Substantively Improper ............2

       B.     At Minimum, PLG Should Be Allowed To Respond In Sur-Reply ........................6

IV.   CONCLUSION .....................................................................................................6

# **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Davis v. United Health Servs.*,
　No. 1:18-CV-1093-RP, 2020 WL 33597 (W.D. Tex. Jan. 2, 2020) .......................................... 2

*Donnelly v. Nissan Motor Co*,
　Case No. 5:19-CV-0882-JKP, 2019 WL 6340153 (W.D. Tex. Nov. 26, 2019) ....................... 2

*Inglett & Co. v. Everglades Fertilizer Co.*,
　255 F.2d 342 (5th Cir. 1958) ................................................................................................... 5

*Kozak v. Medtronic, Inc.*,
　No. CIV.A. H-03-4400, 2006 WL 237000 (S.D. Tex. Jan. 31, 2006) ...................................... 6

*Mendoza v. United States*,
　481 F. Supp. 2d 650 (W.D. Tex. 2007) .................................................................................... 5

*Optic153 LLC v. Thorlabs, Inc.*,
　No. 6:19-cv-00667-ADA (W.D. Tex. Feb. 4, 2020) ................................................................ 6

*Parsons v. Sager*,
　No. 1:18-CV-1014-RP, 2019 WL 5243190 (W.D. Tex. Apr. 30, 2019) .................................. 4

*Pennsylvania Gen. Ins. Co. v. Story*,
　No. 3:03- CV-0330-G, 2003 WL 21435511 (N.D. Tex. June 10, 2003) .................................. 6

*Reliance Capital, Inc. v. G.R. Hmaidan, Inc.*,
　2006 WL 1389539 (Tex. App. May 18, 2006) ........................................................................ 5

*Rivas v. Greyhound Lines, Inc.*,
　No. EP-14-CV-166-DB, 2016 WL 11164796 (W.D. Tex. Jan. 11, 2016) ............................... 3

*Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*,
　420 F.Supp.3d 562 (W.D. Tex. 2019) ...................................................................................... 4

*Spears v. United States*,
　No. 5:13-CV-47-DAE, 2014 WL 3513203 (W.D. Tex. July 14, 2014) ............................... 1, 4

*Warrior Energy Servs. Corp. v. ATP Titan M/V*,
　551 Fed. App'x 749 (5th Cir. 2014) ........................................................................................ 2

*West v. Phelps Dodge Ref. Corp.*,
　No. EP-07-CA-197-FM, 2008 WL 11411267 (W.D. Tex. Dec. 24, 2008) .......................... 1, 3

**Other Authorities**

Fed. R. Civ. P. 6(c)(2) ............................................................................................................... 1, 3

Local Rule CV-7 ............................................................................................................................ 3

Local Rule CV-7(d)(1) ................................................................................................................... 1

Local Rule CV-7(f)(1) .................................................................................................................... 2

**I.    INTRODUCTION**

In effort to support Retro/Reece's Reply at Dkt. 93-1 seeking to exclude certain opinions of PLG experts Michael Gershowitz and Candice Cornelius, Retro/Reece counsel John M. Bustamante again submitted an improper declaration.[2] *See* Dkt. 94-1. PLG objects to the Bustamante Declaration and requests that it be struck because it is inappropriate and untimely for Retro/Reece to have introduced new "evidence" and assertions by way of Mr. Bustamante's declaration ***with their reply brief***, especially because that information clearly purports to rewrite and serve as Retro/Reece's basis for their initial motion.[3] *See* Local Rule CV-7(d)(1) ("[a]n appendix may be filed with the motion specifying any factual basis relied upon. If filed, ***the appendix must include all affidavits***, deposition transcripts, or other documents supporting the relied upon facts.") (emphasis added); Fed. R. Civ. P. 6(c)(2) ("[a]ny affidavit supporting a motion must be served ***with the motion***") (emphasis added); *West v. Phelps Dodge Ref. Corp.*, No. EP-07-CA-197-FM, 2008 WL 11411267, at *1–2 (W.D. Tex. Dec. 24, 2008) ("Absent from Local Rule CV-7, however, is any sanction permitting the filing of 'supporting documents,' 'an appendix,' or 'affidavits' with a party's reply."); *Spears v. United States*, No. 5:13-CV-47-DAE, 2014 WL 3513203, at *9 (W.D. Tex. July 14, 2014) (Court disapproving of evidence supporting the initial motion being filed in reply brief).

Moreover, Mr. Bustamante's 9-page declaration – which contains not only statements attesting to alleged facts but also attorney argument characterizing discovery, the substance of Mrs. Cornelius's analysis, and case law cited in briefing in this case – effectively enlarges

---

[2] PLG previously objected to Mr. Bustamante's earlier 58-page declaration submitted at Dkt. 81-3 in purported support of Retro/Reece's Motion for Summary Judgment and *Daubert* Motions. *See* Dkt. 88, n. 4.

[3] For example, Retro/Reece waited until their reply to include the discovery requests, PLG documents, and portions of Mrs. Cornelius's damages report that their complaint rests on.

1

Retro/Reece's Reply at Dkt. 93-1 well beyond the Court ordered 10-page limit for that reply. Dkt. 92 at 1 ("Replies shall be limited to 10 pages[.]"). On that ground too, the Court should strike and thus not consider his declaration as it circumvents this Court's Order.

At minimum, and in the alternative, PLG believes it should be allowed to submit a sur-reply to address the new "facts" and assertions in the Bustamante Declaration. PLG's proposed sur-reply appears in the concurrently filed sealed submission at Dkt. 101.

## II.  LEGAL STANDARD

### A.  A Declaration That Serves To Support A Motion Should Be Filed With That Initial Motion

PLG has set forth applicable rules and law in Section I *supra*.

### B.  Sur-Reply Is Appropriate To Respond To New Evidence Raised In Reply

Pursuant to Local Rule CV-7(f)(1), "[a] party may file a reply in support of a motion" and "[a]bsent leave of court, no further submissions on the motion are allowed." However, while sur-replies are disfavored, the court has discretion to grant leave to allow a sur-reply. *Donnelly v. Nissan Motor Co*, Case No. 5:19-CV-0882-JKP, 2019 WL 6340153, at *2 (W.D. Tex. Nov. 26, 2019) (*quoting Warrior Energy Servs. Corp. v. ATP Titan M/V*, 551 Fed. App'x 749, 751 n.2 (5th Cir. 2014)). In that regard, this Court has recognized that a sur-reply can be appropriate by the non-movant when the movant raises new legal theories or attempts to present new evidence in the movant's reply. *Davis v. United Health Servs.*, No. 1:18-CV-1093-RP, 2020 WL 33597, at *3 (W.D. Tex. Jan. 2, 2020) (citing *Racetrac Petroleum, Inc. v. J.J.'s Fast Stop, Inc.*, No. 3:01-CV-1397-JAS, 2003 WL 251318, at *18 (N.D. Tex. Feb. 3, 2003)).

## III.  ARGUMENT

### A.  The Bustamante Declaration Is Procedurally And Substantively Improper

Rather than filing the Bustamante Declaration with their Motion To Exclude in Dkt. 81,

2

Retro/Reece needlessly delayed presenting the new arguments and purported evidence in the Bustamante Declaration until their Reply, after which PLG would not have an opportunity to respond to that new material. That is improper under both Local Rule CV-7 and Fed. R. Civ. P. 6(c)(2), and accordingly Mr. Bustamante's declaration and Retro/Reece's reply based thereon should be struck and not considered. *See, e.g.*, *Rivas v. Greyhound Lines, Inc.*, No. EP-14-CV-166-DB, 2016 WL 11164796, at *7 (W.D. Tex. Jan. 11, 2016) ("Roja Flecha is correct that Plaintiffs were required to file their affidavits with their Motion to Compel. Federal Rule of Civil Procedure 6(c)(2) requires a moving party to file any supporting affidavits **with its motion**.") (emphasis added); *West v. Phelps Dodge Ref. Corp.*, No. EP-07-CA-197-FM, 2008 WL 11411267, at *1–2 (W.D. Tex. Dec. 24, 2008) ("[T]he party who filed the motion may file a reply in support of the motion after receiving the response from the party opposing the motion. Absent from Local Rule CV-7, however, is any sanction permitting the filing of 'supporting documents,' 'an appendix,' or 'affidavits' with a party's reply.").

The arguments and purported evidence in the Bustamante Declaration could and should have been submitted with Retro/Reece's opening motion, thus conferring an opportunity for PLG to respond. There is no excuse for Mr. Bustamante to have waited until Retro/Reece's Reply to advance his new assertions. As one clear example, Retro/Reece's Motion to Exclude complains that PLG withheld financial documents during fact discovery.[4] Why then did Retro/Reece wait until their Reply to submit Mr. Bustamante's (argumentative and selective) assertions about Retro/Reece's discovery requests and PLG's responsive financial document production? As

---

[4] The instant motion does not address PLG's disagreement with Retro/Reece's complaint about PLG's production. Suffice it to say here is that Mr. Bustamante's elevation of PLG's financial production in his latest declaration only confirms, especially when juxtaposed to Mrs. Cornelius's damages report, that his complaint is baseless. This is further explained in PLG's proposed sur-reply provided in the concurrently filed sealed submission at Dkt. 101.

Retro/Reece's motion is predicated on PLG's alleged failure to produce documents, Retro/Reece have no excuse for failing to set forth its full "factual" and legal basis underlying that allegation in their initial motion. And Retro/Reece cannot credibly claim that PLG's disagreement with their unfounded allegations is a surprise or other grounds to completely backfill their initial motion with new assertions and submitted "evidence" via a sworn declaration. Retro/Reece and Mr. Bustamante cannot get a free do over because they botched their initial motion. It seems obvious that after PLG in its Response at Dkt. 90 pointed out serious deficiencies in Retro/Reece's argument, Retro/Reece felt compelled to salvage their opening motion by using their Reply to reinvent the record and argument for their motion using Mr. Bustamante's latest declaration, knowing that PLG would not have an opportunity to respond. But this Court has found such post-motion additions and arguments to be improper and has declined requests to consider arguments raised for the first time in a reply brief. *See*, *e.g.*, *Silo Rest. Inc. v. Allied Prop. & Cas. Ins. Co.*, 420 F.Supp.3d 562, 570 (W.D. Tex. 2019) ("[I]t is improper for the movant to sandbag and raise wholly new issues in a reply memorandum[.]") (citation omitted); *Parsons v. Sager*, No. 1:18-CV-1014-RP, 2019 WL 5243190, at n.2 (W.D. Tex. Apr. 30, 2019) (finding waiver where the Defendant "rais[ed] her duty argument for the first time in her reply brief"); *Spears v. United States*, No. 5:13-CV-47-DAE, 2014 WL 3513203, at *9 (W.D. Tex. July 14, 2014) (Court disapproving of Plaintiffs submitting the evidence for the first time in reply brief).

    Mr. Bustamante's other assertions in his declaration show further disregard under the Local and Federal Rules and as to the limited role of attorney affidavits. For example, Mr. Bustamante repeatedly injects disdainful criticism of Mrs. Cornelius's damages report and PLG's arguments, which criticism however hyperbolic is irrelevant and has no bearing at all on the

4

admissibility of Mrs. Cornelius's opinions under Rule 702. *See*, *e.g.*, Bustamante Declaration, ¶ 11 (referring to Mrs. Cornelius's citations to evidence as "matryoshka dolls"); ¶ 17 (stating he found PLG's financial documents produced in fact discovery after doing a search upon reviewing PLG's Response).[5] Mr. Bustamante's mental state reactions have nothing to do with first-hand knowledge of facts that might be appropriate for an attorney declaration. Mr. Bustamante also spends two pages of his declaration addressing a case cited in PLG's Response. *See id.* at ¶¶ 30-36. There is no basis in rule or law to allow or give purchase to an attorney by way of declaration presenting his arguments about a legal case. Such argument should have been presented in Retro/Reece's Reply, not a sworn fact declaration – his legal analysis is not bolstered by placing it in a signed declaration. As such, Mr. Bustamante's declaration is simply an extension of the attorney argument in Retro/Reece's Reply that exceeds the 10-page Court ordered limit for replies.[6]

Retro/Reece – and more problematically, Mr. Bustamante as counsel – fundamentally misunderstand the limited use of attorney affidavits, which are disfavored in the Fifth Circuit. *See Mendoza v. United States*, 481 F. Supp. 2d 650, 658 (W.D. Tex. 2007) ("[T]he Fifth Circuit has described [the practice of relying on attorney affidavits to establish facts] as 'an inherently unsound' one.") (citing *Inglett & Co. v. Everglades Fertilizer Co.,* 255 F.2d 342, 349 (5th Cir.

---

[5] It is hard to understand how Mr. Bustamante's search before Retro/Reece's opening motion would not have revealed obvious financial/sales reports produced by PLG.

[6] To the extent the Court allows either of Mr. Bustamante's declarations to stand, particularly in regard to subject matter beyond typical attorney attestations as to the accuracy or source of documents, PLG should be allowed to depose Mr. Bustamante on that subject matter because he has presented himself as a witness to Retro/Reece's positions. *See Reliance Capital, Inc. v. G.R. Hmaidan, Inc.*, 2006 WL 1389539, *2–3 (Tex. App. May 18, 2006) ("When an attorney who represents a party is an affiant in support of a motion for summary judgment, he or she is a witness."). PLG notes that Mr. Bustamante's earlier 58-page declaration at Dkt. 81-3 was specifically also in support of Retro/Reece's summary judgment motion at Dkt. 81.

1958)). Here, after Mr. Bustamante's condescending assertions are cast aside, the only purpose of his declaration is to put out new allegations, which as discussed above is improper, and thus the Bustamante Declaration and Retro/Reece's attendant reliance on it should be struck.

### B. At Minimum, PLG Should Be Allowed To Respond In Sur-Reply

Should the Court not strike Mr. Bustamante's declaration, PLG requests that it be given leave to file the attached proposed sur-reply which shows the flaws and improprieties in Mr. Bustamante's latest sworn assertions. A sur-reply by the non-movant is appropriate "when the movant raises new legal theories or attempts to present new evidence at the reply stage." *Kozak v. Medtronic, Inc.*, No. CIV.A. H-03-4400, 2006 WL 237000, at *4 (S.D. Tex. Jan. 31, 2006). When new arguments or evidence is presented, granting the non-movant a sur-reply avoids "palpable injustice" by allowing the "nonmovants . . . a chance to respond" to the movant's newly-asserted theories or evidence. *Pennsylvania Gen. Ins. Co. v. Story*, No. 3:03- CV-0330-G, 2003 WL 21435511, at *1 (N.D. Tex. June 10, 2003). Thus, Mr. Bustamante's new (and sworn) factual and legal assertions warrant PLG at least be given the opportunity to sur-reply, which relief this Court recently granted under similar circumstances in another case. *See Optic153 LLC v. Thorlabs, Inc.*, No. 6:19-cv-00667-ADA (W.D. Tex. Feb. 4, 2020) (docket entry order granting motion for leave to file sur-reply due to new factual assertions and legal arguments raised for the first time in reply).

### IV. CONCLUSION

For the foregoing reasons, PLG respectfully requests that the Court strike and disregard the Bustamante Declaration (Dkt. 94-1) and the portions of Retro/Reece's Reply (93-1) relying on that declaration. Alternatively, PLG requests that the Court grant PLG leave to have entered the proposed sur-reply in the concurrently filed sealed submission at Dkt. 101.

A proposed order is attached.

Dated: July 31, 2020            Respectfully submitted,

By: */s/ Wasif H. Qureshi*
Wasif H. Qureshi
Texas State Bar No. 24048155
wqureshi@jw.com
Blake T. Dietrich
Texas State Bar No. 24087420
bdietrich@jw.com
Houston, Texas  77010
Telephone: (713) 752-4521

**COUNSEL FOR PRINCIPAL LIGHTING GROUP, LLC**

### CERTIFICATE OF CONFERENCE

On July 29, 2020, I e-mailed counsel for Retro/Reece to inform them of PLG's belief that the Bustamante Declaration is improper and that PLG would seek the relief sought herein. On July 30, 2020, counsel for Retro/Reece stated that they oppose PLG's primary and alternative requested relief.

*/s/ Wasif H. Qureshi*
Wasif H. Qureshi

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing and accompanying documents were filed on  July 31, 2020 with the clerk of Court via the Court's CM/ECF system, which will serve and notify all counsel of record.

*/s/ Wasif H. Qureshi*
Wasif H. Qureshi